Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ÁNGEL OSVALDO ORTIZ MANGUAL Y OTROS<br><br>Recurridos<br><br>v.<br><br>HUMBERTO W. RIVERA FIGUEROA Y OTROS<br><br>Peticionarios | KLCE202401023 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso número: MZ2019CV02087<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece la parte peticionaria, Humberto W. Rivera Figueroa y la Cooperativa de Seguros Múltiples de Puerto Rico, mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, el 7 de mayo de 2024, enmendada *nunc pro tunc* el 4 de junio del mismo año, notificada el 7 de junio de 2024. Mediante el referido dictamen, el foro recurrido declaró No Ha Lugar la solicitud de recusación promovida por la parte peticionaria.

Posteriormente, la parte peticionaria presentó una *Moción en Auxilio de Jurisdicción*.

Por los fundamentos que expondremos a continuación, se declara No Ha Lugar la solicitud de auxilio de jurisdicción y se deniega la expedición del auto solicitado.

**I**

El 4 de diciembre de 2019, Ángel Ortiz Mangual (Ortiz Mangual), Jeanneliz Cortés Ruiz (Cortés Ruiz) y la Sociedad Legal de Gananciales compuesta por ambos (recurridos), incoaron una

Número Identificador

RES2024 _____

*Demanda* sobre daños y perjuicios, al amparo del Artículo 1805 del Código Civil de 1930, 31 LPRA sec. 5144, en contra de Humberto W. Rivera Figueroa (Rivera Figueroa) y la Cooperativa de Seguros Múltiples de Puerto Rico (peticionarios).[1] Alegaron que, el 30 de octubre de 2018, Ortiz Mangual fue atacado por tres (3) perros frente a su residencia en el Municipio de Añasco. Describieron que, mientras Ortiz Mangual discurría en su bicicleta por la calle frente a la casa de Rivera Figueroa, los animales salieron ladrando de dicha residencia tras él. Especificaron que dos (2) de los perros atacaron a Ortiz Mangual por un lado de la bicicleta para intentar morderlo y el tercero se le cruzó de frente, provocando que perdiera el control y cayera en la carretera. Arguyeron que el descrito accidente ocurrió exclusivamente por las actuaciones u omisiones de la parte peticionaria, quien era dueña, poseedora o se servía de los perros, los cuales tenía sueltos en su residencia. Adujeron que los referidos animales representaban un riesgo para terceros y transeúntes que discurrían frente a la propiedad de Rivera Figueroa, pues habían ocurrido ataques anteriores a otras personas. En virtud de lo anterior, solicitaron la suma de $130,000.00 por concepto de daños sufridos por Ortiz Mangual, así como $50,000.00 por las angustias mentales de Cortés Ruiz.

Por su parte, el 10 de marzo de 2020, la parte peticionaria presentó su alegación responsiva en la cual, en esencia, negó las alegaciones en su contra y levantó varias defensas afirmativas.[2] Planteó que Ortiz Mangual no fue atacado por animal alguno. Sostuvo que el incidente ocurrió únicamente por la culpa o negligencia de Ortiz Mangual sin que hubiese intervenido otra causa.

---

[1] Exhibit I del recurso, págs. 1-5.
[2] Exhibit II del recurso, págs. 6-9.

Luego de varias incidencias procesales, el 31 de julio de 2023, la parte peticionaria instó ante este Foro apelativo un auto de *certiorari*, con denominación alfanumérica KLCE202300856, mediante el cual solicitó que revocáramos una *Resolución* emitida por el Tribunal de Primera Instancia el 2 de junio de 2023, notificada el 12 del mismo mes y año, en la cual declaró No Ha Lugar una solicitud de sentencia sumaria promovida por la parte peticionaria.[3] En particular, el foro primario concluyó que: (1) ante las versiones encontradas sobre la forma en la que ocurrieron los hechos, estaba en controversia la causa próxima del accidente objeto del presente pleito: si fue a causa del alegado ataque de los perros o si, por el contrario, fue otra la causa del incidente; (2) estaban en controversia los daños reclamados por la parte recurrida; (3) tanto el nexo causal como los daños, tendrían que ser objeto de prueba y valor probatorio.

Por otro lado, el foro *a quo* señaló en la *Resolución* allí recurrida que, en una acción bajo el Artículo 1805 del Código Civil de 1930, *supra*, no era necesario demostrar que la parte demandada era la dueña del animal si esta lo tenía en su posesión o se servía del mismo al momento del accidente. Por lo tanto, catalogó como impertinentes los hechos propuestos por la parte peticionaria concernientes a si los perros eran propiedad de alguien o si estaban en el vecindario, así como el conocimiento propio y personal que pudiera tener la parte recurrida de que los perros fueran o no de Rivera Figueroa. Sobre dicho particular, el foro de instancia indicó que los recurridos esbozaron en su oposición al petitorio sumario hechos que constituían admisiones de Rivera Figueroa, las cuales estaban sustentadas por la deposición que le fue tomada.

---

[3] Exhibit III del recurso, págs. 10-48.

El foro recurrido resolvió en la *Resolución* del 2 de junio de 2023 que lo anterior denotaba que Rivera Figueroa poseía y/o se servía de los perros que Ortiz Mangual alegaba le provocaron la caída de la bicicleta. Destacó que, en su contestación a la demanda, Rivera Figueroa no negó la posesión de los perros, ni que se sirviera de estos. En vista de lo anterior, determinó que no existía duda de que los perros estaban en el área del accidente, que Rivera Figueroa los alimentaba en su casa y que este optó por remover a uno de ellos un mes después del incidente que dio base a la acción de epígrafe. Así las cosas, el Tribunal de Primera Instancia concluyó que, en cuanto al aspecto de negligencia, la parte recurrida quedaba relevada de probarla por tratarse de una responsabilidad absoluta, la cual no estaba basada en culpa, sino en el mero carácter de dueño o poseedor del animal; y cedía cuando el daño fuera causado por fuerza mayor o por la culpa del perjudicado.

Atendidas las posturas de las partes y luego de examinar sosegadamente el recurso antes nos, el 24 de octubre de 2023, esta Curia emitió una *Sentencia* mediante la cual expidió el auto de *certiorari* solicitado y modificó el dictamen recurrido. Ello, a los únicos fines de aclarar que, examinada la prueba documental que acompañaron las partes en la solicitud de sentencia sumaria y la oposición a esta, existe controversia sobre si Rivera Figueroa poseía o se servía de los perros al momento del accidente objeto del presente pleito. Igualmente, se añadieron dos determinaciones de hechos, a saber: (1) la testigo Madelyn Vélez Pérez, junto a los perros, se encontraba en el lugar de los hechos al momento del accidente; (2) Ortiz Mangual no llevaba puesto equipo de seguridad alguno y cargaba una bolsa mientras discurría en su bicicleta al momento del accidente. Así modificada, este Tribunal de Apelaciones confirmó la *Resolución* recurrida.

Así las cosas, luego de recibido el mandato correspondiente, el 3 de abril de 2024, la parte peticionaria instó ante el foro de origen una *Moción de Recusación Bajo la Regla 63.1 (a) de las Reglas de Procedimiento Civil y el Canon 20 (a) de los Cánones de Ética Judicial*, acompañada por una *Declaración Jurada* suscrita por Rivera Figueroa el 1 de abril de 2024.[4] En síntesis, alegó que el Hon. Tomás E. Báez Collado, juez superior a cargo del caso en el foro primario (Hon. Báez Collado), había: (1) prejuzgado el hecho relevante sobre la presunta posesión de "los perros realengos"; (2) indicado que la parte peticionaria no había negado la posesión de los perros, aun cuando los autos demostraban que dicha afirmación era incorrecta; (3) minimizado la presencia de una testigo esencial que observó lo ocurrido y cuya versión era contraria a lo alegado por los recurridos; y (4) negado a reconsiderar su dictamen, aun cuando el expediente del caso demostraba que su determinación no era cierta, lo cual demostraba una actuación de prejuicio contra la parte peticionaria. De otro lado, la parte peticionaria argumentó que los actos incurridos por el mencionado juzgador arrojaban dudas razonables sobre su imparcialidad para adjudicar el caso y tendía a minar la confianza pública en el sistema de justicia, por lo que procedía su recusación como juzgador en este pleito.

Por su parte, el 8 de abril de 2024, la parte recurrida se opuso.[5] En esencia, sostuvo que era errónea la premisa planteada por la parte peticionaria de que, si un juez de primera instancia es revocado en un proceso apelativo, en cuanto a las determinaciones de hecho sobre las que haya entendido que no existía controversia, ello era equivalente a prejuzgar el caso, tener prejuicio o parcialidad. Explicó que ello equivaldría a que todos los jueces del tribunal de instancia que intervinieran en una solicitud de sentencia sumaria y

---

[4] Exhibit IV del recurso, págs. 49-56.
[5] Exhibit V del recurso, págs. 57-63.

luego fueran revocados por el tribunal intermedio, tengan que inhibirse del caso al ser devuelto a su sala por mandato del foro apelativo. Añadió que tal pretensión atentaría contra el buen funcionamiento de la justicia ante los tribunales y el principio de que todo juez actúa de forma imparcial, conforme a su apreciación de la prueba y el conocimiento del derecho. Argumentó que no existía un ápice de prueba para imputar o acusar al juez que preside el pleito de haber exhibido el más mínimo grado de prejuicio y parcialidad en el caso de epígrafe. Arguyó que, haber determinado en un juicio honesto y concienzudo que existía prueba suficiente en derecho sobre la posesión de los perros en cuestión y que un panel del foro apelativo haya entendido lo contrario, no equivalía a prejuicio o parcialidad. Por tales razones, adujo que no había base ni fundamento válido alguno en el récord para la recusación solicitada, por lo que procedía declararla No Ha Lugar.

Revisada la solicitud de recusación, el 9 de abril de 2024, notificada el 11 del mismo mes y año, el Hon. Báez Collado concluyó que no procedía su inhibición.[6] En su consecuencia, remitió los autos a la atención de la Hon. Maura Santiago Ducós, jueza administradora regional (Hon. Santiago Ducós), para que procediera conforme a lo requerido por nuestro ordenamiento jurídico.

El 7 de mayo de 2024,[7] enmendada *nunc pro tunc* el 4 de junio del mismo año,[8] notificada el 7 de junio de 2024, la Hon. Santiago Ducós emitió la *Resolución* que nos ocupa, mediante la cual declaró No Ha Lugar la solicitud de recusación promovida por la parte peticionaria. Expresó que las acciones imputadas por la parte peticionaria al Hon. Báez Collado no eran indicativas de prejuicio o parcialidad. Concluyó que las actuaciones de dicho juez fueron en

---

[6] Exhibit VI del recurso, págs. 70-72.
[7] Exhibit VII del recurso, págs. 73-78.
[8] Exhibit IX del recurso, págs. 96-101.

atención a la moción dispositiva que le fue presentada y en cumplimiento con su deber de resolverla. Indicó que no encontró en el escrito de recusación señalamiento alguno que revelara prejuicio o parcialidad cimentada en cuestiones personales por parte del Hon. Báez Collado en la atención del caso de epígrafe. Determinó que no se había demostrado que existiera alguna situación concreta originada extrajudicialmente que revista sustancialidad, sino que, por el contrario, las acciones del mencionado juzgador fueron realizadas dentro del trámite judicial correspondiente. Explicó que, en el descargo de su función adjudicativa para resolver una moción dispositiva promovida por una parte, como cuestión de forma, requería que el juez emitiera una resolución en la cual este determinara los hechos incontrovertidos y señalara las controversias, a la luz de la evidencia presentada en apoyo de la moción dispositiva, los documentos en autos y lo ofrecido en la oposición.

En desacuerdo, el 25 de mayo de 2024, la parte peticionaria presentó una *Moción de Reconsideración*,[9] a la cual se opuso la parte recurrida el 27 de junio del mismo año.[10]

Atendidas las mociones, el 20 de agosto de 2024, el foro *a quo* declaró No Ha Lugar la solicitud de reconsideración y reiteró la denegatoria de la petición de recusación.[11]

Inconforme, el 19 de septiembre de 2024, recibida en la Secretaría de este Foro el 23 del mismo mes y año, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al denegar la solicitud de recusación del Honorable Juez Superior Tom[á]s E. Báez Collado de continuar presidiendo los procedimientos en el caso cuando [e]ste ha prejuzgado un elemento esencial para dilucidar la

---

[9] Exhibit VIII del recurso, págs. 79-95.
[10] Exhibit X del recurso, págs. 102-113.
[11] Exhibit XI del recurso, págs. 114-115.

controversia y es la credibilidad del [p]eticionario Humberto W. Rivera Figueroa.

Posteriormente, la parte peticionaria presentó una *Moción en Auxilio de Jurisdicción*.

Hemos examinado con detenimiento el recurso y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5). Resolvemos.

## II

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria plantea en su único señalamiento de error que el Tribunal de Primera Instancia incidió al denegar su solicitud de recusación del juzgador de los hechos en cuestión.

Sostiene que el foro *a quo* erró al permitir que el Hon. Báez Collado continúe presidiendo los procedimientos en el caso de epígrafe cuando este ha prejuzgado un elemento esencial –la credibilidad del peticionario Rivera Figueroa– para dilucidar la controversia.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre los planteamientos que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la solicitud de recusación promovida por la parte peticionaria, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, declaramos No Ha Lugar la solicitud de auxilio de jurisdicción y denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente**.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones